IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SOUTHWEST CASINO AND HOTEL CORP., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. CIV-07-949-C |
| (1) DARRELL FLYINGMAN, an individual; (2) DORIS THUNDERBULL, an individual; (3) JOHN DOE NO. 1, an unknown individual; and (4) JOHN DOE NO. 2, an unknown individual, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

On August 24, 2007, Plaintiff filed a complaint alleging conversion, copyright infringement, tortious interference with contract, defamation, conspiracy, and conspiracy in violation of the federal RICO Act.  Plaintiff also filed a motion requesting an ex parte temporary restraining order ("TRO") and a preliminary injunction against Defendants. For the reasons outlined herein, Plaintiff's request for a TRO is DENIED.

DISCUSSION

Plaintiff alleges that it is a corporation hired by the Cheyenne-Arapaho Tribes to manage two of the Tribes' casinos in Oklahoma.  Defendant Thunderbull worked at one of the casinos as the surveillance manager.  According to Plaintiff, Thunderbull made a copy of surveillance camera footage that showed several elected officials of the Tribe

cashing checks issued by Plaintiff, and she removed the copied footage from the casino. Thunderbull was subsequently terminated and then hired by Defendant Flyingman. Plaintiff further alleges that the copied surveillance camera footage has been posted to YouTube.com and also widely distributed and posted by Flyingman and possibly others. Plaintiff's motion requests an immediate ex parte TRO "directed at all Defendants and any other person receiving notice, preventing further reproduction, distribution[,] or display, in any medium, by any means" of the allegedly unlawful surveillance footage. (See Pl.'s Mot., Dkt. No. 4, at 2.)

> An order for a TRO may be entered without notice to the opposing party
> 
> only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Fed. R. Civ. P. 65(b). A TRO is designed to "preserv[e] the status quo and prevent[] irreparable harm just so long as is necessary to hold a hearing, and no longer." Granny Goose Foods, Inc. v. Bhd. of Teamsters Local No. 70, 415 U.S. 423, 439 (1974).

Plaintiff fails to demonstrate that a TRO would prevent irreparable injury or that such an order would maintain the status quo in this case, because under Plaintiff's own version of events, the surveillance footage at issue has been released and distributed to the public since March of 2007. In addition, the footage has been posted on YouTube.com for over a month. Plaintiff has not demonstrated that irreparable harm will occur prior to

a hearing if the Court does not issue an ex parte restraining order against distribution of the footage.

Moreover, Plaintiff's justification for failing to give notice to Defendants is insufficient. Plaintiff advised the Court that it had not provided notice because: (1) "[o]ther counsel for [Plaintiff] have attempted to contact [Defendant] Flyingman on other issues to no avail"; (2) Defendant Thunderbull had refused to communicate with Plaintiff regarding the alleged theft of the surveillance footage; and (3) Plaintiff believes that the entry of a TRO would not prevent Defendants from conducting "any lawful for-profit activity." (Pl.'s Mot. at 7-8.) Thus, it is clear that Plaintiff has the necessary information to attempt to give notice to at least some Defendants, as it has communicated with them in the past, but failed to do so regarding this motion simply because it does not predict that its attempts would be fruitful. "Where there are no practical obstacles to giving notice to the adverse party, an ex parte order is justified only if there is no less drastic means for protecting the plaintiff's interests." Am. Can Co., v. Mansukhani, 742 F.2d 314, 323 (7th Cir. 1984).

## CONCLUSION

For the reasons set forth herein, Plaintiff's request for an ex parte temporary restraining order (Dkt. No. 4) is DENIED. A hearing is set to consider entry of a preliminary injunction for Wednesday, September 5, at 1:30 p.m. in Courtroom 301. If

Defendants wish to file a written response to the request for preliminary injunctive relief they should do so no later than 12:00 noon on September 4th.

IT IS SO ORDERED this 27th day of August, 2007.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge