IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

SOUTHWEST CASINO AND HOTEL )
CORP., )
)
      Plaintiff, )
)
v. )      No. CIV-07-949-C
)
(1) DARRELL FLYINGMAN, an )
individual; )
(2) DORIS THUNDERBULL, an )
individual; )
(3) JOHN DOE NO. 1, an unknown )
individual; and )
(4) JOHN DOE NO. 2, an unknown )
individual, )
)
      Defendants. )

MEMORANDUM OPINION AND ORDER

On August 24, 2007, Plaintiff filed a complaint alleging conversion, copyright infringement, tortious interference with contract, defamation, conspiracy, and conspiracy in violation of the federal RICO Act.  Defendants Flyingman and Thunderbull (hereinafter "Defendants") have filed a motion to dismiss or to stay this case (see Defs.' Mot., Dkt. No. 28), and Plaintiff has responded (see Pl.'s Resp., Dkt. No. 30).  Defendants then filed a reply (see Defs.' Reply, Dkt. No. 31), as well as a supplemental memorandum (see Defs.' Supplemental Mem., Dkt. No. 32).  This matter is therefore at issue.

I. FACTUAL BACKGROUND

Plaintiff alleges that it is a corporation previously hired by the Cheyenne-Arapaho Tribes ("the Tribes") under a contract to manage two of the Tribes' casinos in Oklahoma.  (See Compl.,

Dkt. No. 1, ¶¶ 8-11.)  Defendant Thunderbull, an individual and a member of the Tribes, worked

at one of the casinos as a surveillance employee.  (Id. ¶ 12; Defs.' Reply at 2.)  According to

Plaintiff, Thunderbull made a copy of surveillance camera footage that showed several elected

officials of the Tribes cashing checks issued by Plaintiff, and she removed the copied footage

from the casino.  (Compl. ¶¶ 12, 14.)  Thunderbull was subsequently terminated and then hired

by Defendant Flyingman, an individual who is the Governor of the Tribes.  (Id. ¶¶ 15-16; Defs.'

Mot. at 4.)  Plaintiff further alleges that the copied surveillance camera footage ("footage") has

been posted to YouTube.com and also widely distributed and posted by Flyingman and possibly

others.  (Compl. ¶¶ 17-21.)  Defendant Flyingman admits that he distributed surveillance camera

footage of elected officials cashing checks at the casino.  (Answer, Dkt. No. 14, ¶¶ 16-18.)

## II. DISCUSSION

Defendants argue that pursuant to the tribal exhaustion doctrine, the Court should either

dismiss or stay some or all of Plaintiff's claims.  (See Defs.' Mot. at 4, 9.)[1]  The tribal exhaustion

doctrine, set forth in Nat'l Farmers Union Ins. Cos. v. Crow Tribe of Indians, 471 U.S. 845, 855-

57 (1985), requires federal courts to abstain from hearing certain claims against Indian tribes

---

[1]Plaintiff's response identifies standards for the Court to analyze Defendants' motion under both Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 56(c) that are inapplicable to a motion requesting abstention.  Further, Defendants' motion is not properly analyzed under Fed. R. Civ. P. 12(b)(1) because Defendants do not actually allege that the Court lacks jurisdiction; they instead argue that the Court should forego exercising jurisdiction over this case.  Even if tribal court exhaustion was an appropriate requirement for this case, failure to so exhaust would not deprive the Court of subject-matter jurisdiction over this case.  See Iowa Mut. Ins. Co. v. LaPlante, 480 U.S. 9, 16 n.8 (1987) (analogizing the doctrine to the abstention principle of Colo. River Water Conservation Dist. v. United States, 424 U.S. 800 (1976)).  "Exhaustion is required as a matter of comity, not as a jurisdictional prerequisite."  Id.; see also Smith v. Moffett, 947 F.2d 442, 445 (10th Cir. 1991) ("[C]oncerns of comity do not present a jurisdictional bar.").

Case 5:07-cv-00949-C   Document 33   Filed 02/13/08   Page 3 of 7

unless the plaintiff has first exhausted those claims in tribal court.  As explained by the Tenth

Circuit Court of Appeals, the doctrine expresses a "federal policy of promoting tribal self-

government" such that "federal courts should not intervene until the tribal courts have had a full

opportunity to evaluate jurisdiction."  Kerr-McGee Corp. v. Farley, 115 F.3d 1498, 1502 (10th

Cir. 1997) (internal quotation marks omitted).

> [T]he existence and extent of a tribal court's jurisdiction will require a careful
> examination of tribal sovereignty, the extent to which that sovereignty has been
> altered, divested, or diminished, as well as a detailed study of relevant statutes,
> Executive Branch policy as embodied in treaties and elsewhere, and
> administrative or judicial decisions.  Moreover, that examination should be
> conducted in the first instance in the Tribal Court itself.  This rule of tribal court
> exhaustion is subject to a narrow set of exceptions, including: (1) where an
> assertion of tribal jurisdiction is motivated by a desire to harass or is conducted
> in bad faith; (2) where the action in tribal courts is patently violative of express
> jurisdictional prohibitions; or (3) where exhaustion would be futile because of the
> lack of an adequate opportunity to challenge the tribal court's jurisdiction.

Id. at 1501 (alteration in original) (citations and internal quotation marks omitted).  Properly

applied, the tribal exhaustion doctrine advances three specific interests: "(1) furthering

congressional policy of supporting tribal self-government; (2) promoting the orderly

administration of justice by allowing a full record to be developed in the tribal court; and (3)

obtaining the benefit of tribal expertise if further review becomes necessary."  Id. at 1507 (citing

Nat'l Farmers, 471 U.S. at 856-57).[2]

---

[2]Analysis herein of which issues lie within the Court's jurisdiction is proper even to the
extent it requires the Court to examine what issues lie without the tribal court's jurisdiction; "[t]he
scope of a tribal court's jurisdiction," although an issue that should first be examined by the tribal
court itself, "is a federal question over which federal district courts have jurisdiction."  Kerr-McGee
Corp., 115 F.3d at 1501 (citing Nat'l Farmers, 471 U.S. at 853, 855-56).

Civil jurisdiction over the activities of non-Indians on tribal lands "presumptively lies in the tribal courts unless affirmatively limited by a . . . federal statute." Iowa Mut. Ins. Co., 480 U.S. at 18; see also Blue Legs v. U.S. Bureau of Indian Affairs, 867 F.2d 1094, 1097 (8th Cir. 1989). Plaintiff argues, and Defendants concede, that 28 U.S.C. § 1338(a) expressly provides that federal courts have exclusive jurisdiction over Plaintiff's copyright infringement claim.[3] Therefore, § 1338(a) "so obviously preempts tribal jurisdiction that an action in tribal court would be patently violative of express jurisdictional prohibitions, and . . . abstention in favor of tribal exhaustion is inappropriate." See Kerr-McGee Corp., 115 F.3d at 1502 (declining to apply the exception to the Price-Anderson Act and its amendments). In cases where the federal court has exclusive jurisdiction, tribal courts are not given the first opportunity to examine and determine their jurisdiction. Id. (citing Blue Legs, 867 F.2d at 1097-98). Moreover, a tribal forum does not exist that can resolve this controversy. See Bassett v. Mashantucket Pequot Museum & Research Ctr. Inc., 221 F. Supp. 2d 271, 281-82 (D. Conn. 2002) (declining to dismiss copyright claim on the basis of lack of tribal exhaustion and noting that such a claim is grounded in federal rather than tribal law).

Not to be dissuaded, Defendants further request that the Court stay the copyright claim, and either stay or dismiss the other claims, to allow resolution of the remaining claims in tribal court. (Defs.' Reply at 4.) Defendants set forth several arguments for dismissal or abstention, including a pending tribal court action (the "Tribal Court DJA") by the Tribes and Defendant

---

[3]Plaintiff makes an alternative argument that Defendants lack standing to argue for a "claim" of tribal exhaustion "on behalf of the Tribes." (See Pl.'s Resp. at 3-5.) The applicability of the doctrine, however, is a concern that the Court would have discretion to address sua sponte, and so a "standing" argument is irrelevant. See, e.g., Smith, 947 F.2d at 445.

Flyingman – in his capacity as Governor – requesting a declaratory judgment that certain property, including the footage, is owned by the Tribes.  (See Defs.' Mot. at 3-4; Defs.' Supplemental Mem. Ex. A., Complaint ¶¶ 10-13, Flyingman et al. v. Sw. Casino & Hotel Corp., No. CNA-CIV-08-02 (Chey.-Arap. Dist. Ct. filed Jan. 14, 2008); Pl.'s Resp. at 2.)  Defendants argue that because their defense to several of Plaintiff's claims is that ownership of the footage does not lie with Plaintiff, but Plaintiff has requested that the Court adjudge that it owns the footage, the pending tribal court action to determine ownership demonstrates both the deference the Court should give to the tribal court action and "the potential for inconsistent ruling[s] on an issue of Tribal common law."  (See Defs.' Reply at 3; Compl. at 11.)

Just as an anticipated federal defense does not create federal-question jurisdiction,[4] Defendants' declaration that they are asserting Plaintiff's lack of ownership of the footage as a defense to the copyright infringement claim would not by itself render a copyright claim any less suitable for federal court adjudication.  (See Defs.' Reply at 3); cf. Topolos v. Caldewey, 698 F.2d 991, 994 (9th Cir. 1983) ("In an action for infringement plaintiff necessarily must establish ownership of a valid copyright and copying by the defendant.  Ownership of the copyright is therefore always a threshold question.  Only when such ownership is the sole question for consideration are federal courts without jurisdiction.") (citations omitted).  The Court is constrained to agree with Defendants, however, that the principles behind the exhaustion doctrine, together with the existence of the currently pending Tribal Court DJA, compel tribal court adjudication prior to resolution of Plaintiff's case in this Court.  While a pending tribal

---

[4]See Nicodemus v. Union Pac. Corp., 440 F.3d 1227, 1232 (10th Cir. 2006).

court action is not an absolute prerequisite to abstention, <u>United States v. Tsosie</u>, 92 F.3d 1037, 1041 (10th Cir. 1996), the circumstances of this case indicate that the Court should "stay its hand" pending resolution of the Tribal Court DJA.  First, an action by the Tribes and Governor Flyingman to declare ownership of all electronic data from the tribal casinos clearly implicates tribal issues.  <u>See</u> <u>Garcia v. Akwesasne Hous. Auth.</u>, 268 F.3d 76, 79 (2d Cir. 2001) (noting that the doctrine requires federal courts to "abstain from hearing certain claims relating to Indian tribes"); <u>Ninigret Dev. Corp. v. Narragansett Indian Wetuomuck Hous. Auth.</u>, 207 F.3d 21, 32 (1st Cir. 2000) ("Civil disputes arising out of the activities of non-Indians on reservation lands almost always require exhaustion if they involve the tribe.").  Further, a currently pending tribal court action coupled with simultaneous federal court proceedings could result in inconsistent rulings as to the rights in the footage specifically.  (<u>Compare</u> Compl. at 11-12 <u>with</u> Complaint ¶¶ 10-13, <u>Flyingman et al. v. Sw. Casino & Hotel Corp.</u>, No. CNA-CIV-08-02 (Chey.-Arap. Dist. Ct. filed Jan. 14, 2008).)

Therefore, the Court will abstain from hearing Plaintiff's federal copyright claim pending resolution of the Tribal Court DJA.  The presence of exclusive federal jurisdiction over Plaintiff's copyright claim indicates that the Court should stay, rather than dismiss, this federal claim.  <u>See</u> <u>Allen v. Bd. of Educ., Unified Sch. Dist. 436</u>, 68 F.3d 401, 403-04 (10th Cir. 1995) (noting the Tenth Circuit's general preference for staying rather than dismissing a federal action in the context of analogous <u>Colorado River</u> abstention); <u>Bassett</u>, 221 F. Supp. 2d at 282.  The Court also will stay the remaining state-law claims in this case, as Plaintiff will be entitled to bring such claims upon any federal adjudication of its copyright claim.  Beyond prudential

concerns regarding the footage ownership issue of the copyright claim – herein addressed by the Court's abstention – there has not been sufficient justification set forth for the Court to dismiss these claims and forgo exercising supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

### III. CONCLUSION

For the foregoing reasons, the Court finds that abstention is appropriate and GRANTS Defendants' motion to stay (Dkt. No. 28).  All proceedings in this matter are STAYED pending resolution of <u>Flyingman et al. v. Sw. Casino & Hotel Corp.,</u> No. CNA-CIV-08-02 (Chey.-Arap. Dist. Ct. filed Jan. 14, 2008).

IT IS SO ORDERED this 13th day of February, 2008.


ROBIN J. CAUTHRON
United States District Judge