IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SOUTHWEST CASINO AND HOTEL CORP., | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case Number CIV-07-949-C ) |
| (1) DARRELL FLYINGMAN, an individual; (2) DORIS THUNDERBULL, an individual; (3) JOHN DOE NO. 1, an unknown individual; and, (4) JOHN DOE NO. 2, an unknown individual, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff filed a complaint on August 24, 2007, alleging conversion, copyright infringement, tortious interference with contract, defamation, conspiracy, and conspiracy in violation of the federal RICO act. The claims were stayed pending resolution of a declaratory judgment action in the Cheyenne-Arapaho Tribal Court regarding ownership of casino surveillance video footage. On August 28, 2008, Defendants filed a notice of the Tribal Court judgment along with a motion to lift the stay and for summary judgment (see Dkt. No. 34; Dkt. No. 35). Based on a stipulated agreement between the parties, the Tribal Court found that the surveillance camera footage was owned by the Tribes. Defendants argue that, because of the Tribal Court's judgment, Plaintiff cannot prove the elements

required for its claims for copyright infringement or violation of RICO. Therefore, Defendants request the Court enter summary judgment on their behalf on these two claims. Defendants also request the Court to reinstitute the stay with respect to the remaining four claims in order to give Plaintiff the chance to initially adjudicate those claims in Tribal Court.

The same day that Plaintiff filed a response to Defendants' motion to lift the stay and for summary judgment, Plaintiff also filed a motion to dismiss five of its claims without prejudice. Rather than responding to the merits of Defendants' motion for summary judgment, Plaintiff's response simply states that the motion is moot because of its motion to dismiss. Plaintiff argues that the Tribal Court judgment effectively precludes its ability to asserts its claims for conversion, copyright infringement, conspiracy, and conspiracy in violation of the federal RICO act. Furthermore, because Plaintiff's claim for tortious interference with contract appears to implicate tribal affairs, Plaintiff agrees that it should be pursued, if at all, in Tribal Court. In Plaintiff's response to Defendants' motion to lift the stay and for summary judgment, Plaintiff argues that the doctrine of tribal exhaustion does not apply to its claim for defamation because the acts complained of did not occur on tribal property and were reasonably likely to cause harm to non-Indians outside the territorial confines of the Tribes. Therefore, Plaintiff requests that the Court dismiss its claims for conversion, copyright infringement, tortious interference with contract, conspiracy, and conspiracy in violation of RICO without prejudice. Plaintiff further requests that the Court proceed with its claim for defamation.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that, after the opposing party has filed a motion for summary judgment, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."[*] Whether to accept such a voluntary dismissal is within the discretion of the court. Brown v. Baeke, 413 F.3d 1121, 1123 (10th Cir. 2005). The important inquiry is whether the party opposing the motion to dismiss would suffer legal prejudice should the motion be granted. Phillips USA, Inc. v. Allflex USA, Inc., 77 F.3d 354, 357 (10th Cir. 1996) (citing Clark v. Tansy, 13 F.3d 1407, 1411 (10th Cir. 1993)). There is no prejudice simply because a second lawsuit may be filed against the defendant. Baeke, 413 F.3d at 1124. Instead, the district court should consider a variety of factors, including "the opposing party's effort and expense in preparing for trial, excessive delay and lack of diligence on the part of the movant, and insufficient explanation of the need for a dismissal." Phillips USA, Inc., 77 F.3d at 358 (internal citations omitted). Courts should also consider the current stage of the litigation, such as whether a motion for summary judgment has been filed by the defendant. Pace v. S. Express Co., 409 F.2d 331, 334 (7th Cir. 1969); see also Ohlander v. Larson, 114 F.3d 1531, 1537 (10th Cir. 1997). These factors are not exclusive, nor must they all be resolved in favor of one party. Phillips USA, Inc., 77 F.3d at 358.

---

[*] Defendants argue that Rule 41(a)(2) does not provide for piecemeal dismissal of claims, but rather applies only to dismissal of an entire action (see Dkt. No. 42 at 4). Defendants cited Gobbo Farms & Orchards v. Poole Chem. Co., Inc., 81 F.3d 122 (10th Cir. 1996), for this proposition, and the Court agrees that dicta in that case seems to support their argument. Although the Court chooses to decide the motion on its merits rather than dismiss it on the basis of dicta alone, certainly this is a factor weighing against voluntary dismissal.

Motions to voluntarily dismiss should not be granted when a party is simply attempting to avoid an adverse ruling on a dispositive motion. Id. (quoting Pace, 409 F.2d at 334). In Baeke, the Tenth Circuit found that the plaintiff's motion to dismiss without prejudice was not simply an effort to avoid a summary judgment ruling. 413 F.3d at 1125-26. Instead, the Court noted that "plaintiffs' reason for dismissal related directly to the deficiency underlying the motion for summary judgment and, far from walking away from the problem, they sought a reasonable solution and offered significant practical concessions to make it work." Id. at 1126. This was in stark contrast to the situation in Phillips USA, Inc., 77 F.3d at 358, where the Baeke court notes that "the plaintiff had not made any effort to meet, or explain why it could not at that time meet, the pending merits challenge but, rather, had just offered a perfunctory excuse . . . to justify the request for dismissal." Baeke at 1125.

The Court finds the present situation much more analogous to that in Phillips USA, Inc., than in Baeke. Here, Defendants' motion for summary judgment raises a substantive challenge to Plaintiff's claims. Plaintiff has simply made no effort to meet the challenge raised by Defendants. The entirety of Plaintiff's response to the substantive allegations in Defendants' motion for summary judgment consists of nine lines explaining why Defendants' motion is moot based on Plaintiff's motion for dismissal without prejudice.

Nor has Plaintiff satisfactorily explained its reason for requesting a dismissal without prejudice, instead stating that "refusal to accept the offered dismissal would force Southwest to incur further effort concerning claims that have become untenable by operation of another

4

Court's Judgment." (See Dkt. No. 40 at 5). This case has been pending for over a year, and Defendants have spent time and money both in this forum and in the Cheyenne-Arapaho Tribal Court defending the claims brought by Plaintiff. Now that Defendants have fully briefed a motion for summary judgment, it seems clear to the Court that they would suffer legal prejudice should the Plaintiff's motion for dismissal without prejudice be granted.

Accordingly, Plaintiff's motion to dismiss is DENIED. Plaintiff is given ten days from the date of this order to respond to the substantive allegations of Defendants' motion for summary judgment, should it choose to do so.

IT IS SO ORDERED this 27th day of October, 2008.

ROBIN J. CAUTHRON
United States District Judge