IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SOUTHWEST CASINO AND HOTEL CORP., | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case Number CIV-07-949-C ) |
| (1) DARRELL FLYINGMAN, an individual; (2) DORIS THUNDERBULL, an individual; (3) JOHN DOE NO. 1, an unknown individual; and, (4) JOHN DOE NO. 2, an unknown individual, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Defendants Flyingman and Thunderbull ("Defendants") filed a motion to lift stay/motion for summary judgment/motion to dismiss on August 28, 2008. (See Dkt. No. 35.) Plaintiff filed a response on September 15, 2008 (see Dkt. No. 39) and a further response on November 6, 2008. (See Dkt. No. 44.) For the following reasons, Defendants' motion is GRANTED.

## BACKGROUND

Plaintiff entered into contracts with the Cheyenne-Arapaho Tribes ("the Tribes") to manage the Tribes' casinos in Concho, Oklahoma, and Clinton, Oklahoma. On August 24, 2007, Plaintiff filed a complaint alleging conversion, copyright infringement, tortious

interference with contract, defamation, conspiracy, and conspiracy in violation of the federal RICO act. These claims stemmed from an incident occurring at the Tribes' casino in Clinton, Oklahoma, in 2007. Plaintiff alleges that Defendant Thunderbull, an employee of the Clinton casino, made copies of surveillance camera footage showing many elected tribal officials cashing checks issued by Plaintiff. It is argued that Defendant Thunderbull then took the footage to Defendant Flyingman, governor of the Tribes, and that the footage was subsequently distributed to tribal members and posted to the website YouTube.com.

Plaintiff's claims were stayed on February 13, 2008, pending resolution of a declaratory judgment action filed by Defendant Flyingman in the Cheyenne-Arapaho Tribal Court regarding ownership of the surveillance camera footage. On August 28, 2008, Defendants filed a notice of the Tribal Court judgment (see Dkt. No. 34). Based on a stipulated agreement between the parties, the Tribal Court found that the surveillance camera footage was owned by the Tribes. Defendants then filed a motion for summary judgment. (Dkt. No. 35.) Defendants argue that, because of the Tribal Court's judgment, Plaintiff cannot prove the elements required for its claims for copyright infringement or violation of RICO. Therefore, Defendants request that the Court enter summary judgment in their behalf on these two claims. Defendants also request that the Court reinstitute the stay with respect to the remaining four claims in order to give Plaintiff the chance to initially adjudicate those claims in Tribal Court. Plaintiff filed a response arguing that the Tribal Court judgment is void because of a lack of subject matter jurisdiction. (See Dkt. No. 39; Dkt. No. 44.) Plaintiff argues that tribal courts do not have subject matter jurisdiction over the federal

rights of non-members. Furthermore, Plaintiff asserts that the surveillance camera footage at issue qualifies for copyright protection under 17 U.S.C. §§ 101 et seq.

## ANALYSIS

*1. Plaintiff's claims for copyright infringement and violation of RICO.*

Count II of Plaintiff's complaint alleges that Defendants violated Plaintiff's copyright interest by reproducing the surveillance camera footage and distributing it to tribal members and via the internet. Count VI alleges that Defendants conspired to infringe on Plaintiff's copyright interests, which constitutes racketeering activity prohibited by 18 U.S.C. § 1962(b) and (d). Therefore, both claims are premised on the notion that Plaintiff holds a valid copyright to the surveillance camera footage.

As an initial matter, the Court must determine whether it has subject matter jurisdiction over these claims before proceeding to their merits.[1] In analyzing federal jurisdiction under the Copyright Act, the Tenth Circuit Court of Appeals recognizes that a copyright holder is not permitted to sue for copyright infringement until the copyright has either been registered or refused by the Register of Copyrights. La Resolana Architects, PA v. Clay Realtors Angel Fire, 416 F.3d 1195, 1200-01 (10th Cir. 2005). A series of steps are required in order to register a copyright: "(a) application and payment of fee . . . ; (b) deposit of a copy of the copyrightable material . . . ; (c) examination by the Register of

---

[1] While Defendants never raise this issue, "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting Arbaugh v. Y & H Corp., 546 U.S. 500, 506, 514 (2006)).

Copyrights . . . ; (d) registration (or refusal to register) by the Register . . . ; (e) issuance of certificate of registration . . . ." Id. at 1200. Prior to completion of this process, "an infringement action will not lie in the federal courts." Id. at 1205.

Plaintiff has submitted no evidence indicating that it has even begun the process of registering its copyright. The only documentation provided to the Court is a Report on the Filing or Determination of an Action or Appeal Regarding a Copyright that was filed on August 24, 2007. (See Dkt. No. 2.) This document was addressed to the Register of Copyrights and indicates that an action was filed with respect to a work entitled, "Surveillance footage in public buildings on tribal lands." No copyright registration number was provided, however, and there is no indication that Plaintiff ever filed an application, paid a fee, deposited a copy of the copyrightable material with the Register of Copyrights, or that the Register ever examined the application and registered or refused to register the copyright. The Court finds, therefore, that it does not have subject matter jurisdiction at this time over Plaintiff's claims for copyright infringement or violations of RICO premised on copyright infringement. These claims are therefore dismissed without prejudice.

*2. Plaintiff's remaining state law claims.*

Plaintiff's complaint also alleges state law claims for conversion, tortious interference with contract, defamation, and conspiracy. (See Dkt. No. 1.) Defendants request that the Court reimpose the stay with respect to these claims in order for the Tribal Court to determine whether it has jurisdiction over them. Plaintiff offers no objection to exhausting Tribal Court remedies with respect to its claims for conversion, tortious interference with

4

contract, and conspiracy.[2] Plaintiff argues, however, that its claim for defamation should not be subject to tribal exhaustion because the Tribal Court does not have jurisdiction to hear this claim.

The tribal exhaustion doctrine recognizes the importance of "supporting tribal self-government and self-determination." Nat'l Farmers Union Ins. Cos. v. Crow Tribe of Indians, 471 U.S. 845, 856 (1985). It requires federal courts to refrain from hearing certain claims until they have first been brought in tribal court. Id. at 857. In determining whether tribal courts have jurisdiction, the "examination should be conducted in the first instance in the Tribal Court itself." Id. at 856. Tribal courts must "be given a 'full opportunity' to consider the issues before them and 'to rectify any errors,'" Iowa Mut. Ins. Co. v. LaPlante, 480 U.S. 9, 16 (1987) (quoting Nat'l Farmers Union Ins. Cos., 471 U.S. at 857), which means that tribal appellate courts must have the chance to review the decisions of the lower tribal courts. Id. at 17. Exhaustion is not required when "an assertion of tribal jurisdiction 'is motivated by a desire to harass or is conducted in bad faith,'" or where the action is patently violative of express jurisdictional prohibitions, or where exhaustion would be futile because of the lack of an adequate opportunity to challenge the court's jurisdiction." Nat'l Farmers Union Ins. Cos., 471 U.S. at 857n.21 (quoting Juidice v. Vail, 430 U.S. 327, 338 (1977)).

---

[2] After Defendants filed their motion for summary judgment, Plaintiff initially filed a motion to voluntarily dismiss these three state law claims. (See Dkt. No. 39.) This motion was denied, and the Court granted Plaintiff another opportunity to respond to Defendants' motion for summary judgment. Plaintiff's second response offered no argument whatsoever with respect to these three claims.

Plaintiff offers no argument with respect to its claims for conversion, tortious interference with contract, and conspiracy. Plaintiff also argues that the Tribal Court does not have jurisdiction to hear its defamation claim. According to Plaintiff, this tort occurred outside of the Tribes' territory because the defamatory material was published on the internet and viewed by people all across the country. Plaintiff argued in its initial response that tribal exhaustion is not required on its defamation claim because Defendant Flyingman appointed the chief Tribal Court judge and Plaintiff would therefore not have an adequate opportunity to present its claims in Tribal Court.

The Court finds no merit in Plaintiff's argument that exhaustion is not required because it would be futile or because it is asserted in bad faith. While Defendant Flyingman, through his position as governor of the Tribes, is responsible for nominating Tribal Court judges, their selection is contingent upon their further confirmation and approval by the Legislature and the Tribal Council. (See Constitution of the Cheyenne and Arapaho Tribes, Art. VIII, § 2, Dkt. No. 39, Ex. 1.) Nothing appears to indicate that any of the three exceptions to the tribal exhaustion doctrine apply to the facts of this case.

While Plaintiff argues that the Tribal Court does not have jurisdiction over its defamation claim, the tribal exhaustion doctrine plainly mandates that this inquiry initially be conducted in the Tribal Court itself. Plaintiff has not permitted the Tribal Court to consider whether it possesses jurisdiction over any of the state law claims asserted here. Until this inquiry is conducted, this Court may not consider Plaintiff's claims.

Accordingly, the Court GRANTS Defendants' motion to lift the stay. (Dkt. No. 35). The Court further GRANTS Defendants' motion to dismiss (Dkt. No. 35), and Plaintiff's claims for copyright infringement (Count II) and violation of RICO (Count VI) are therefore DISMISSED WITHOUT PREJUDICE. The Court DENIES Defendants' motion for summary judgment at this time. Finally, the Court GRANTS Defendants' motion to reimpose the stay with respect to Plaintiff's claims for conversion (Count I), tortious interference with contract (Count III), defamation (Count IV), and conspiracy (Count V) pending exhaustion of Plaintiff's Tribal Court remedies. If Plaintiff does not offer proof it has instituted these claims in the Tribal Court within 60 days from the date of this Order, they will be dismissed with prejudice.

IT IS SO ORDERED this 2nd day of December, 2008.

ROBIN J. CAUTHRON
United States District Judge